# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.  13-cv-03132-REB-CBS

BRADLEY W. JUSTICE

    Plaintiff,

v.

JOSEPH J. SAJCZUK, a Trooper of the Colorado State Patrol, in his individual capacity,

    Defendant.

## STIPULATED PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a Protective Order by and between Plaintiff Bradley W. Justice and Defendant Joseph J. Sajczuk to protect the discovery and dissemination of confidential information or information that will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

    1.    This Protective Order shall apply to all documents, materials, video and audio recordings, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

    2.    As used in this Protective Order, "document" is defined as provided in Federal Rule of Civil Procedure 34(a), and includes all video and audio recordings.  A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of any party or third party to these proceedings. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case. Third-parties disclosing any CONFIDENTIAL information may designate such CONFIDENTIAL information as CONFIDENTIAL per this Protective Order and any party to this Protective Order may designate CONFIDENTIAL information produced by a third party as CONFIDENTIAL per this Protective Order. This Protective Order includes such materials produced before or after the date of this Order including references to such information contained in depositions or other documentation.

4. CONFIDENTIAL documents, materials, video or audio recordings, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed by or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

      (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

      (g) persons whom counsel reasonably believes to be the authors, senders, addressees, and copy recipients of, persons mentioned in such CONFIDENTIAL information, current or former employees of the producing person and other persons with knowledge relating to the information contained therein so long as (i) those persons have been identified in Federal Rule of Civil Procedure 26(a) disclosures (or amendments thereto) and (ii) have agreed to abide by the terms of this Protective Order pursuant to Paragraph 6, below;

      (h) deponents, witnesses, or potential witnesses; and

      (i) other persons by written agreement of the parties.

      5.    Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

      6.    Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

      7.    Responses to discovery requests are designated as CONFIDENTIAL by imprinting the word "CONFIDENTIAL" next to or above the response.

8. Any information designated by a party as CONFIDENTIAL will first be reviewed by counsel who will certify that the designation as CONFIDENTIAL is based on a good faith belief that the information is confidential or otherwise entitled to protection.

9. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. Admissibility of the designated CONFIDENTIAL information will be reserved for and addressed at trial.

10. Any request to restrict access must comply with the requirements of D.C.COLO.L.CivR 7.2. If the parties cannot agree to the level of restrictiveness the materials should be filed under, if any, the materials shall be filed Level 1 Restricted, and the party seeking to maintain the confidentiality of the documents shall within fourteen (14) days file a motion seeking to have the Court permanently restrict the CONFIDENTIAL materials. It is also agreed that proper compliance with D.C.COLO.L.CivR 7.2 will not prevent or otherwise impair the parties' right to generally describe the contents of said restricted documents in their briefs or memoranda of law and that said briefs or memoranda of law are not required to be filed under seal, even though the documents are filed in compliance with D.C.COLO.L.CivR 7.2.

11. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order within thirty (30) days of the aforementioned notice. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

12. In the event of an inadvertent disclosure of CONFIDENTIAL information, or privileged documents or information, by any party to this Protective Order, the parties agree that the right to designate such materials as CONFIDENTIAL or to assert privilege will not be waived when the producing party notifies the other party of the inadvertent disclosure within a reasonable period of time following discovery of the inadvertent disclosure. Upon notification of an inadvertent disclosure of CONFIDENTIAL or privileged documents or information, the producing party shall notify

the receiving party of the inadvertent disclosure. Upon notification, the receiving party shall promptly return or destroy the requested privileged materials and any copies thereof.

13. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain confidentiality of CONFIDENTIAL materials pursuant to this Protective Order, and the terms and requirements of this Protective Order shall survive the termination of the action.

14. This Protective Order is intended to regulate the handling of Confidential Information throughout the pretrial, trial, and post-trial periods of this matter, including after the conclusion of this litigation. It shall remain in force and effect thereafter until modified, superseded, or terminated on the record by Order of the Court.

15. All copies or reproductions of Confidential Information released in the course of discovery are to be treated as CONFIDENTIAL and are subject to the provisions of this Protective Order.

16. Nothing herein shall prevent disclosure beyond the terms of this Order if each and every party consents in writing to such disclosure, or if this Court, after notice to all affected parties, orders that such disclosure be permitted.

17. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED at Denver, Colorado, on February 28, 2014.

                                            BY THE COURT:

                                            *s/Craig B. Shaffer*
                                            United States Magistrate Judge